FILED
IN COURT
BRYSON CITY, N. C.

MAR 1 0 2008

U.S. DISTRICT COURT
W. DIST. OF N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil No. 1:07-cv-95

| | |
|---|---|
| HENDERSON OIL COMPANY, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RON L. COWART, )<br>)<br>Defendant. )<br>) | **ORDER** |

THIS MATTER is before the Court on the Defendant's Motion In Limine(#32). Having considered said Motion the Court enters the following evidentiary rulings:

1. Motion to prohibit any evidence regarding settlement negotiations. **This motion is granted**; however, the Court will determine what testimony or document is evidence of "settlement negotiations" between the Plaintiff and the Defendant in this matter.

2. Motion to prohibit any evidence of experts who are not identified as testifying experts in response to interrogatories and not designated by the time set forth in the Pre-Trial Order or Local Rule. **This motion is granted.** The parties have advised there are no expert witnesses.

3. Motion to prohibit any evidence offered in support

1

of a theory of recovery not raised by the plaintiff in its complaint, including plaintiff's argument that the defendant owed a fiduciary duty to creditors of Ronco Investments, LLC, because of that company's alleged insolvency. **This motion is denied without prejudice to renewal as such time as the evidentiary dispute arises during the trial of this matter.**

4. Motion to prohibit any evidence supporting any issue that is not contained in the final pretrial order. **This motion is denied.** A pretrial order has not been entered. Additionally, the Court can not determine what evidence the Defendant is wishing for the Court to exclude.

5. Motion to prohibit any evidence that plaintiff did not produce in discovery. **This motion is denied without prejudice.** The Court can not determine what evidence the Defendant is requesting to be excluded.

6. Motion to prohibit any mention of probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed in any manner to testify in this case. **This motion was withdrawn by the Defendant and was rendered moot and is thus denied.**

7. Motion to prohibit any attempt to request defendant to produce documents, to stipulate any fact or attempt to make

2

any agreement in the presence of the jury. **This motion is denied.** By representing himself in regard to this matter the Defendant cannot preclude requests that would have been made by opposing counsel if the Defendant had chosen to retain an attorney and had been represented by counsel.

8. Motion to prohibit any statement of the law other than that regarding the burden of proof and the basic legal definitions counsel believe to be applicable before the Court rules on the law applicable to this case. **This motion is denied.** The Court can not determine what the Defendant is requesting that the Court exclude.

9. Motion to prohibit any mention of the defendant's net worth or financial condition. **This motion is denied without prejudice to renewal at such time as the evidentiary disputes arise during the trial.**

10. Motion to prohibit any mention of other claims or suits against the defendant. The Court originally during the pretrial conference had determined to allow this motion; however, the Defendant is now filed a request that the Court include under the description of "defendant" various companies or entities the defendant may have owned or had an ownership interest therein. The Defendant's request is thus too broad

and the motion is denied without prejudice to renewal at such time as evidentiary disputes arise during the trial.

This the 10th day of March, 2008.

_____
Dennis L. Howell, United States
Magistrate Judge, Judge Presiding