# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cv95

| | | |
|---|---|---|
| HENDERSON OIL COMPANY, INC., | ) | |
| Plaintiff, | ) ) ) | |
| Vs. | ) | ORDER |
| RON L. COWART, | ) ) ) | |
| Defendant. | ) ) ) | |

**THIS MATTER** is before the court on defendant's Motion for Third party Order (#60). Although not contained in the caption of the pleading, defendant also seeks issuance of an Execution against defendant Ron L. Cowart, contending that Mr. Cowart is not entitled to assert any state statutory exemptions as provided by N.C.G.S. Chapter 1C, Articles 1 to 15, because he resides in another state. Motion, at ¶ 3. While not raised in the motion, the alternative state constitutional exemptions may not be asserted by a non-resident. First Union National Bank v. Rolfe, 90 N.C.App. 85 (1988).

The appellate court made it clear, however, in First Union that a trial court must conduct a "residency hearing" to determine whether defendant now resides in the State of North Carolina. Although Plaintiff states in its motion that defendant is a non-resident of North Carolina; such conclusion is not supported by an affidavit or reference to any source for such conclusion. While the court can take judicial notice that defendant removed this action asserting his non-resident status, and that

he remained a non-resident through trial in the spring of 2008, <u>First Union</u> makes clear that

> irrespective of her resident status in 1985, the trial court here correctly determined defendant's residency based upon the evidence at the 1987 hearing.

<u>Id.</u> Thus, before the court can issue the writ of execution without proof that plaintiff has provided defendant with notice and an opportunity to be heard as to statutory or constitutional exemptions, the court is charged with determining at the time the execution is sought whether defendant resides in North Carolina.

Because the writ of execution cannot issue until such determination is made, it follows that the court cannot issue the Order sought against "Smoky Mountain Development Corporation" (hereinafter "SMDC"). In the motion, plaintiff contends that SMDC is indebted to defendant in an amount in excess of $10.00. Motion, at ¶ 5. Such argument is supported by an affidavit from plaintiff's counsel. Neither the motion or the affidavit, however, reveal the nature of the indebtedness, an address for the corporation, or the names or addresses of any corporate officers who can be served with court process. Chapter 1-360 of the North Carolina General Statutes provides, as follows:

> <u>Upon the issuing or return of an execution against property of the judgment debtor</u> . . . the court of judge may, by order, require such person or corporation, or any officer or members thereof, to appear at a specified time and place, and answer concerning the same; provided, however, that such inquiries may, in the discretion of the court, be answered by such person or corporation, or any officers or members thereof, by verified answers to interrogatories. The court or judge may also, in its or his discretion, require notice of the proceeding to be given to any party to te action, in such manner as seems proper.

N.C.Gen.Stat. § 1-360 (emphasis added).[1] In this case, a writ of execution against the property of the defendant has not been issued or returned and cannot, as a matter of North Carolina law, be issued until defendant is afforded with an opportunity to be heard as to his residency. When a writ of execution is issued, the court will entertain the Motion for a Third Party Order. The court notes that no motion is now before it seeking injunctive relief under Rule 65.

In accordance with Chapter 1-360, the court will set the residency hearing for Thursday, September 25, 2008, at 2 p.m., in Bryson City. Defendant, who is proceeding *pro se*, is advised that he has an absolute right to appear at such hearing and that he has a right to file whatever written argument he has which is responsive to defendant's request for issuance of a writ of execution. Equally, as with every right, defendant has the right to waive such a hearing and stipulate to not being a resident of the State of North Carolina at this time. Defendant is advised that if he waives such hearing, the court will without further notice issue the sought after writ of execution without affording defendant an opportunity to assert exemptions that are available under North Carolina statutory and constitutional law to North Carolina residents. Plaintiff is granted leave to file a separate Motion for Third Party Order containing additional information concerning the third-party, including who and where such third-party may be served. Finally, plaintiff is advised that anew

---

[1] Plaintiff is respectfully advised that the information provided in the instant Motion for Third Party Order is insufficient for the court to meaningfully exercise its discretion under Chapter 1-360 in that it does not provide the court with the names or addresses of the corporate officers.

proposed writ should be drawn with the interest rate being therein stated in accordance with 28 U.S.C. § 1961.[2]

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Third party Order (#60) is **DENIED** without prejudice as unripe, and defendant's Motion for Issuance of a Writ of Execution (contained in #60) is **CALENDARED** for hearing on Thursday, September 25, 2008, at 2 p.m. in Bryson City.

Signed: September 16, 2008

Dennis L. Howell
United States Magistrate Judge

---

[2] http://www.uscourts.gov/postjud/postjud.html